**George BRIDGETTE, Petitioner–Appellant,**

v.

**Donald R. HILL; Attorney General of the State of California; Daniel E. Lungren, Respondents–Appellees.**

**No. 99–56363.**

**D.C. No. CV–95–04413–WDK–1.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2001.

Decided March 28, 2001.

Before ALARCÓN, BRUNETTI, and HAWKINS, Circuit Judges.

MEMORANDUM [*]

George Bridgette was convicted by a jury in California state court on charges of first-degree murder and attempted murder. He contends on appeal that the district court erred by not granting his petition for writ of habeas corpus based on his claim of juror misconduct. We affirm.

Bridgette contends that the district court erred by failing to conduct its own evidentiary hearing before rejecting the magistrate judge's credibility findings. We disagree. The district court did not disturb any of the magistrate judge's credibility findings, but rather concluded that much of the evidence considered by the magistrate was inadmissible under the rules of evidence. Moreover, the district court owed no deference to the magistrate judge's finding that the alleged jury misconduct was prejudicial because the issue represents a mixed question of law and fact which the district court reviews de novo. *Rodriguez v. Marshall,* 125 F.3d 739, 744 (9th Cir.1997).

Bridgette also challenges the district court's conclusion that the jurors did not commit prejudicial misconduct. We agree with the district court that Bridgette has failed to carry his burden of showing that the jurors' conduct here rose to the level of impermissible extrinsic evidence. *See id.* (stating that the petitioner "bears the burden of establishing that a constitutional error had a 'substantial and injurious effect or influence in determining the jury's verdict.'") (quoting *Brecht v. Abra-*

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*hamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)). The amount of light given off by a television "is the kind of common knowledge which most jurors are presumed to possess." *Id.* at 745 (noting that "the difficulty of discerning and recalling objects while driving at freeway speeds" is common knowledge). Moreover, we agree with the state court that any "presumption of prejudice" to Bridgette was rebutted by "the virtually uncontradicted evidence concerning the lighting in the apartment at the time of the shooting" and by other "facts linking defendant to the commission of the crime."

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.